UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ELOISA COSAJAY,<br><br>    Plaintiff,<br><br>v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., CM REO TRUST, AND SAXON MORTGAGE SERVICES, INC.<br><br>    Defendants. | CIVIL ACTION NO. CA10-442S |

### **DEFENDANTS' REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

### I. **INTRODUCTION**

The Defendants, Mortgage Electronic Registration Systems, Inc. ("MERS"), CM REO Trust ("CM REO"), and Saxon Mortgage Services, Inc. ("Saxon") (collectively "Defendants"), provide this Reply in response to Elisa Cosajay's ("Plaintiff's") Opposition to their Motion to Dismiss. Plaintiff's Opposition fails to establish that her claims alleging that the assignments of mortgage are invalid due to fraud and alleged failure to comport with the Pooling and Servicing Agreement ("PSA") create a case or controversy such that she has a personal interest in the outcome, she has been injured, the alleged injury is traceable to the Defendants, and this Court can redress the claimed injury to the Plaintiff's benefit. Ironically, while Plaintiff alleges Defendants' Rule 12(b)(1) Motion to Dismiss seeks to complete an "end-run" around discovery and "scrutiny of their fraudulent activities," Plaintiff asks this Court to do the same by leap-frogging over the threshold question of whether she has standing to assert the claims pled to instead question the Defendants' "ownership" of the note and mortgage. The Court cannot address Defendants' standing to foreclose until Plaintiff has met her burden of proving she has standing to assert the claims alleged.

## II. ARGUMENT

### A. Rule 12(b)(1) is Applicable to Motions to Dismiss Based on Standing

Plaintiff's Opposition incorrectly asserts that the Court should apply Federal Rule of Civil Procedure 12(b)(6) in determining whether to grant Defendants' Motion to Dismiss and must take "all allegations pled in Plaintiff's Complaint as true." Opposition at pp. 2-3. Defendants have sought dismissal of Plaintiff's Complaint based on Federal Rule of Civil Procedure 12(b)(1), due to Plaintiff's lack of standing to assert the claims as pled. *See* Defendants' Motion to Dismiss at p. 4. Indeed, when reviewing a Rule 12(b)(1) Motion to Dismiss, a court is not restricted to acceptance of the facts alleged in the complaint as true, and may review of any of the following: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981); *see also Valentín v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir.2001); *Robinson v. TCI/US West Communications Inc.*, 117 F.3d 900, 904 (5th Cir. 1997).

### B. Plaintiff's Opposition Fails to Prove Standing to Bring Claims

In addition to misstating the standard of review to be applied to Defendants' Motion to Dismiss, Plaintiff's lengthy Opposition is significant for its lack of response to the central legal issue raised by Defendants in their Motion – Plaintiff's standing. Plaintiff initially claims that Defendants are trying to "'use' FRCP 12(b)(1)…to avoid having this matter converted to a Rule 56 motion." Opposition at p. 7. This statement is just plain wrong. The Defendants are not motivated by avoidance; on the contrary, Defendants have raised a threshold issue necessary to be met in every case -- that Plaintiff has the right to assert the claims she makes, has been injured by acts traceable to the Defendants and would be entitled to the relief requested from the Court.

Indeed, the requirement that a plaintiff have standing to bring the claims alleged is not a defense or mechanism only to be employed by a defendant -- Article III Section 2 of the Constitution requires that the court examine its own basis for jurisdiction. "The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of [the jurisdictional] doctrines." *See United States v. Hays*, 515 U.S. 737, 742, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995) (quoting *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 230-231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990)); *see also University of South Alabama v. American Tobacco Company*, 168 F.3d 405, 410 (11th Cir.1999) ("it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

As the Supreme Court described in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), the court must determine whether the plaintiff has asserted a case or controversy as required by Article III, and the court's inquiry into a plaintiff's standing requires review of the following three irreducible, core elements:

> First, the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be "fairly…trace[able] to the challenged action of the defendant, and not…th[e] result [of] independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

(internal citations and footnotes omitted).

In addition to the three elements set forth in *Lujan*, the federal courts have adopted "an array of prudential monitions" for establishing federal jurisdiction including, "'the general prohibition on a litigant's raising another person's legal rights…'" *Osediacz v. City of Cranston*,

3

414 F.3d 136, 139 (1st Cir. 2005) quoting *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d. 556 (1984); *see also Pagan v. Calderon*, 448 F.3d 16, 28-30 (1st Cir. 2006); *United States of America v. AVX Corp.*, 962 F.2d 108, 119-120 (1st Cir. 1992). While Plaintiff claims to "distinguish" the plethora of cases that establish she does not have standing to contest the assignments of mortgage and Defendants' compliance with the terms of the PSA because she is not a party to or intended third-party beneficiary of those agreements, her Opposition is devoid of evidence that would provide the Court with a basis to find that Plaintiff has met her burden to prove she has suffered an injury that was causally connected to the Defendants' conduct and that can be redressed by this Court.

Plaintiff lacks standing to bring the claims alleged not only because she has failed to establish that she has a personal interest in any determination of whether the assignments of mortgage were fraudulent or the PSA's terms were followed because she is not a party to those agreements, but also because she fails to meet the core elements outlined in *Lujan* due to her lack of redressible injury resulting from any alleged fraudulent assignment of mortgage or failure to comply with the PSA. Specifically, omitted from both Plaintiff's Complaint and her Opposition to Defendants' Motion to Dismiss is any statement or argument contesting that she is in default on the Note. Plaintiff does not contest or raise this fact because she is in default and the mortgage and Rhode Island law provide that the holder of the mortgage may foreclose on the mortgage and re-claim the Property.

Plaintiff's challenge of the Defendants' right to foreclose based on allegedly invalid assignments of mortgage or lack of compliance with the terms of the PSA fails to provide her with standing to sue because she has not been injured by any alleged fraud or wrong-doing by the Defendants. Plaintiff granted the mortgagee both the right to assign the mortgage and the

34068814v1 0917370 68313

right to foreclose upon default; whether a subsequent assignee enforces the right to foreclose or the original mortgagee, Plaintiff will not be harmed so long as she was in default. *See* Ex. D to Complaint, Mortgage at p. 2 and ¶¶ 20, 22. Accordingly, if Plaintiff does not challenge that she is in default or that the holder of the mortgage has the right to foreclose following default, there is no injury for the court to redress. As noted by the U.S. District Court for the Northern District of Ohio in *Bridge v. Aames Capital Corp., et al.*, 2010 WL 3834059 *5 (September 29, 2010) (citations omitted), "…regardless of the outcome of this litigation, Plaintiff is still in default on her mortgage and subject to foreclosure…Plaintiff has not suffered any injury as a result of the assignment between Aames and Deutsche Bank nor is there any likelihood that Plaintiff's requested relief will prevent her alleged injury."

Plaintiff's Opposition fails to set forth any further basis upon which this Court could find that she has a personal interest in the outcome of the Court's determination of the validity of the assignments of mortgage, that she has been injured by any alleged fraudulent assignment of the mortgage, or that the Court could redress any alleged injury because Plaintiff is still subject to foreclosure. Plaintiff's Complaint should be dismissed for lack of standing.

### C. Fraud Claim Does not Alter Standing Analysis

Plaintiff's Opposition seeks to "distinguish" the standing cases relied upon by Defendants on the basis that the cases cited do not involve claims of fraud. *See* Opposition at pp. 8-11. Plaintiff's logic is flawed.

Standing is a threshold issue. *See Richley v. Tyson*, 120 F.Supp.2d 1298, 1305 (S.D. Ala. 2000). A party may not be exempted from meeting the prudential standing requirement that the plaintiff have a personal interest in the claims alleged unless such requirement is "expressly negated" by Congress, as may exist in a Supremacy Clause challenge. *See The Wilderness*

5

*Society v. Kane County*, __ F.3d __, 2011 WL 79487 *6 (C.A. 10th Cir. Utah) (*citing Bennett v. Spear*, 520 U.S. 154, 163, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997). In *The Wilderness Society*, The Wilderness Society ("TWS") brought an action challenging a local government's rights of way over federal land in southern Utah. *Id.* at *2. The 10th Circuit dismissed TWS's claim for lack of standing, due to its failure to assert claims personal to TWS's property rights, noting, "[i]ts protests notwithstanding, TWS obviously seeks to enforce the federal government's property rights in the disputed rights of way" but TWS "lacks any independent property rights of its own." *Id*. at *6-7. Unless specifically exempted from establishing standing by Congress, whether a plaintiff seeks to assert a claim for fraud, breach of contract, or a local government's right of way over federal land, the plaintiff first has the burden of establishing standing.

Congress has not "expressly negated" the standing requirements for plaintiffs asserting fraud in relation to assignments of mortgages to which they are not parties. Accordingly, Plaintiff has the burden of proving that she has a personal stake in the determination of whether the assignments of mortgage are fraudulent; this she cannot do. Moreover, even if Plaintiff could establish that the assignments of mortgage were "fabricated" or based in fraud, she has failed to meet the core requirements for standing, because she has provided no basis for the Court to conclude that she has been injured as a result of the alleged fraud or that the Court can provide relief for the fraud, given that her obligations pursuant to the mortgage remain the same regardless of which entity is the holder of the mortgage.

Plaintiff's argument that the decisions relied upon by Defendants to contest Plaintiff's standing to bring her claims are somehow "distinguishable" because they do not specifically assert claims of fraud is without merit. Unless Congress decrees otherwise, all plaintiffs must

6
34068814v1 0917370 68313

meet the threshold burden of proving standing pursuant to both Article III, Section 2 and the prudential limitations on standing established by a long history of federal court decisions.

### D. Bordas, Ibanez and Other Inapplicable Decisions

Plaintiff's Opposition also improvidently relies upon a series of decisions which Plaintiff claims support her position that she has standing to assert claims seeking to invalidate agreements to which she is not a party because Rhode Island law allows her to challenge the Defendants' right to foreclose. Specifically, Plaintiff alleges that Defendants must prove standing to foreclose. This position is not supported by the Rhode Island power of sale statute, § 34-11-24, or any binding Rhode Island case law.

Plaintiff's attempted reliance on a Superior Court matter, *Bordas v. Mortgage Electronic Registration Systems, Inc. et al.*, is without merit. Opposition at pp. 17-18. The Superior Court failed to issue any Order in relation to the Defendants' motion to dismiss in that case, let alone a written decision setting forth any basis in Rhode Island law for the court's decision. Further, a state Superior Court's ruling, without more, is certainly not binding precedent on this Court.

In addition, *U.S. Bank National Association v. Ibanez*, No. SJC-10694 (January 7, 2011), *In re. Schwartz*, 366 B.R. 265 (Bankr.D. Mass. 2007), *In Re Foreclosure Cases*, 521 F.Supp.2d 650 (S.D. Ohio 2007), *Deutsche Bank Nat'l Trust Co. v. Steele*, 2008 WL 111227 (S.D. Ohio Jan. 8, 2008), *HSBC Bank USA, N.A. v. Valentin*, 21 Misc. 3D 1124(A) 2008 WL 4764816 (N.Y.Sup. Nov. 3, 2008), *In re. Wilhelm*, 407 B.R. 392 (D. Idaho, 2009), and *Sykes v. Mel Harris and Associates*, Civ. 1-09-civ-8486-DC (Dec. 29, 2010), are all inapposite to this case. Each and every case Plaintiff relies upon in support of her position that Defendants must "prove" standing to foreclose involves an affirmative claim by the mortgagee to assert its rights in property due to a title issue, a motion for relief from stay, or in a jurisdiction that requires judicial foreclosure.

7

Rhode Island's power of sale statute does not require a mortgagee or its assigns to affirmatively file suit and meet standing requirements. There is no basis in Rhode Island law to support Plaintiff's attempt to shift the burden from her own requirement to establish standing to assert the claims she has plead to the Defendants to prove they have a right to assert their rights pursuant to the assignments of mortgage and PSA.

## II. CONCLUSION

The Plaintiff's Opposition fails to provide any legal argument or fact that would justify her exemption from the requirement that she prove her standing to bring the claims alleged in her Complaint. The Plaintiff's Complaint attempts to assert legal rights of the Trust and assignees of the assignments of mortgage in order to defend her failure to make mortgage payments. The Plaintiff has failed to establish that she has standing to seek the relief requested in her Complaint. Accordingly, the Defendants Mortgage Electronic Registration Systems, Inc., CM REO Trust, and Saxon Mortgage Services, Inc. respectfully request that this Court grant their Motion to Dismiss.

Respectfully submitted,

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., CM REO TRUST, AND SAXON MORTGAGE SERVICES, INC.

By Their Attorneys,

*/s/ Samuel C. Bodurtha*
Maura K. McKelvey, #6770
Samuel C. Bodurtha, #7075
HINSHAW & CULBERTSON LLP
155 South Main Street
Providence, RI 02903
401-751-0842
401-273-8543 (facsimile)

34068814v1 0917370 68313

## **CERTIFICATE OF SERVICE**

  I, Samuel C. Bodurtha, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 25, 2011.

              */s/ Samuel C. Bodurtha*
              Samuel C. Bodurtha