UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ELOISA COSAJAY,<br><br>       Plaintiff,<br><br>v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., CM REO TRUST, AND SAXON MORTGAGE SERVICES, INC.<br><br>       Defendants. | CIVIL ACTION NO. CA10-442S |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' OBJECTION TO REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND APPEAL TO DISTRICT COURT JUDGE**

The Defendants, Mortgage Electronic Registration Systems, Inc. ("MERS"), CM REO Trust ("Trust"), and Saxon Mortgage Services, Inc. ("Saxon"), (collectively referred to as "Defendants") oppose Plaintiff's Objection to Report and Recommendation of the Magistrate Judge and Appeal to the District Court Judge because the Magistrate Judge properly adopted the facts as pled by Plaintiff in the light most favorable to Plaintiff as required by Fed. R. Civ. P. 12(b)(6), Plaintiff fails to assert any valid error of law, and relies on Exhibits A-R which were not a part of the record presented to the Magistrate Judge and are prohibited from inclusion in the record pursuant to Rhode Island Local Rule of Federal Civil Procedure 72(d)(3). In further support of their opposition, the Defendants state as follows:

**I.    INTRODUCTION**

Plaintiff's Objection to Report and Recommendation of the Magistrate Judge and Appeal to the District Court Judge ("Objection") should be denied because the Magistrate Judge accepted the claims alleged by Plaintiff as true for purposes of assessing Defendants' Motion to

Dismiss. The Objection should also be denied because the Magistrate Judge correctly applied the law in concluding that Plaintiff lacks standing to challenge assignments of mortgage to which she was not a party. In addition, Exhibits A-R of Plaintiff's Objection should be struck and should not be considered by the Court because Plaintiff's Exhibits were not part of the record on Defendants' Motion to Dismiss presented to the Magistrate Judge and their attachment to Plaintiff's Objection violates Rhode Island Local Rule of Federal Civil Procedure 72(d)(3).

## II. NO ERROR IN THE MAGISTRATE JUDGE'S "FACTUAL FINDINGS"

Paragraph 1(a)-(p) of Plaintiff's Objection lists sixteen alleged errors of fact in the Magistrate Judge's Report and Recommendation. *See* Objection at pp. 1-3. However, a brief review of the challenged facts makes clear that the Magistrate properly presented the "facts" as pled by the Plaintiff in the Complaint and the exhibits Plaintiff attached to the Complaint, or was applying the law to the facts in his analysis of Defendants' Motion to Dismiss. Specifically, Plaintiff claims the Magistrate Judge erred in reciting the following fact, "[t]he Note was secured by a mortgage, which the plaintiff executed in favor of Lime, as lender, and MERS, as Lime's nominee, successor and assign." Objection, at p. 1, Paragraph 1(a). The Magistrate's Report cites to Paragraph 9 of the Complaint, as well as Exhibit D to the Complaint, the Mortgage itself. Report at p. 2. Paragraph 9 reads: "…On April 24, 2007 Plaintiff executed a mortgage naming MERS as nominee for Lime Financial Services, Inc." The Mortgage, attached as Exhibit D to the Complaint also indicates Plaintiff granted a mortgage to "…to MERS (solely as nominee for Lender and Lender's successors and assigns)…" There is no error by the Magistrate's recitation of the text of the Mortgage which Plaintiff filed in support of her Complaint or a paragraph of the Complaint itself.

Similarly, the Magistrate's statement that Plaintiff's promissory note and mortgage were the subject of three assignments, is also perfectly accurate and based upon the facts alleged by

2
34075825v1 0917370 68313

Plaintiff in the Complaint, and his review of Exhibits A-C, copies of the Assignments of Mortgage attached to the Complaint by Plaintiff. Objection, at p. 2, Paragraph 1(b); see Complaint at ¶ 11 (listing Assignments of Mortgage dated 3/12/08, 9/4/08 and 3/5/09). Further, the Magistrate's recitation of the Assignments of Mortgage set forth at page 3 of the Report, and reference to the Assignments' implicit assignment of the promissory note, are also based on the Plaintiff's Complaint (Paragraph 11) and the copies of the Assignments Plaintiff attached at Exhibits A-C of the Complaint. The Magistrate's Report simply recites what the Assignments themselves say; the Report never reached the truth or validity of the documents because the Plaintiff was not a party to the Assignments, and as a matter of law had no standing to challenge them. Accordingly, Plaintiff's Objection to allegedly erroneous facts set forth at Paragraphs 1(c)-(e) is without basis.

Plaintiff's factual objection to paragraph 1(f), claiming that the Magistrate Judge erroneously stated that Plaintiff had failed to make monthly payments and defaulted on her loan, is also without merit. The Magistrate's Report drew from Plaintiff's Complaint at Paragraph 10, when the Magistrate noted that "Saxon, on behalf of CM REO Trust, and through its local counsel, Nicholas Barrett & Associates, initiated foreclosure proceedings in October 2010…", and further relied upon the Plaintiff's failure to dispute Defendants' assertion that she was in default on the loan. Report at p. 3, fn. 1. The Magistrate Judge's reference to the Plaintiff's default was a factual determination reasonably inferred due to the very nature of the Plaintiff's claims – that Saxon through its counsel had scheduled a foreclosure sale that Plaintiff was trying to stop. Even when the Complaint is read in a light most favorable to Plaintiff, it is reasonable to conclude that Plaintiff would not be bringing this lawsuit but for a foreclosure instituted

following a default on the loan, and, moreover, the Plaintiff never pled that she was *not* in default on her loan.

Plaintiff's factual objection to paragraph 1(g) – that the Magistrate erred by stating that "…Plaintiff seeks principally to enjoin Defendants from foreclosing on the Property by challenging the validity of the assignments of the mortgage and note" is likewise without support. The Magistrate relied upon Plaintiff's Complaint at Paragraphs 8(a) and 11, as referenced in the Report. Report at p. 21. And moreover, Plaintiff's Wherefore prayer for relief clearly seeks a declaratory judgment that the assignments at issue "are invalid and void as a matter of law," that the Defendants have no ownership or interest in Plaintiff's note or mortgage, and a permanent injunction "…against all of the Defendants from commencing any further foreclosure actions or collection action against Plaintiff." Complaint at pp. 9-10. The plain language of the Complaint set forth the facts relied upon by the Magistrate; there is no error of fact.

Finally, the remaining "facts" challenged by Plaintiff's Objection at paragraphs 1(h)-(p) actually reference the Magistrate Judge's findings and conclusions following his application of the law to the facts. The Magistrate Judge's Report properly sets forth the "facts" in a light most favorable to the Plaintiff for purposes of reviewing Defendants' Motion to Dismiss. Plaintiff's Objection to the Report based on the claim that the Magistrate Judge erred in reciting the facts Plaintiff herself provided, or that Plaintiff chooses to interpret differently, is specious and should be denied.

### III. PLAINTIFF HAS ESTABLISHED NO ERROR IN THE MAGISTRATE JUDGE'S APPLICATION OF LAW

Plaintiff's Objection enumerates seventeen separate alleged "errors of law" in the Magistrate's Report. *See* Objection at pp. 3-5. Plaintiff's Objection and Memorandum of Law in

4

support thereof lack sufficient citation to the record from the Motion to Dismiss or to any binding precedent in support of the alleged legal errors. Plaintiff has failed to establish that the Magistrate erred in any of his conclusions of law in this case, and the Objection should be denied.

For example, paragraphs 2(a), 2(b), 2(c) and 2(e) of Plaintiff's Objection all claim the Magistrate Judge incorrectly applied the standing analysis and erred in his interpretation of the federal and Rhode Island decisions he relied upon in reaching the conclusion that Plaintiff lacks standing to challenge the foreclosure based on the Assignments of Mortgages or PSA. Plaintiff claims that the Magistrate "incorrectly applied" *Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings*, 717 F.Supp.2d 724, 747 (E.D. Mich. 2010), *Bridge v. Aames Capital Corp.*, No. 1:09 CV 2947, 2010 WL 3834059 (N.D. Ohio Sept. 29, 2010), *Liu v. T & H Mach. Inc.*, 191 F.3d 790 (7th Cir. 1999), *Turner v. Lerner, Sampson & Rothfuss*, No. 1:11-CV-00056, 2011 WL 1357451 (N.D. Ohio Apr. 11, 2011), *Ifert v. Miller*, 138 B.R. 159 (E.D. PA 1992) and *Jarbo v. BAC Home Loan Serv.*, No. 10-12632, 2010 WL 5173825 (E.D. Mich. Dec. 15, 2010). Objection at p. 3, Paragraph 2(b). According to the Plaintiff, the Magistrate erred by relying on these decisions, because they are all "contrary to Rhode Island law." Yet in her Memorandum of Law Plaintiff fails to cite to a single Rhode Island case or statute in support of this assertion, or a decision anywhere else in the country that reaches a conclusion contrary to the premise upon which these cases are based: in order to challenge the validity of an assignment of mortgage or any other contract, the plaintiff must establish that she has standing to do so.

More importantly, the Rhode Island cases that the Plaintiff claims to "distinguish" from the facts of her case - *Brough v. Foley*, 525 A.2d 919 (R.I. 1987), *State v. Med. Malpractice Joint Underwriting Ass'n*, No. 03-0743, 2005 WL 1377493 (R.I. Super. Cit. June 7, 2005), *DePretrillo*

*v. Belo Holdings, Inc.*, No. PB 09-3367, 2009 WL 3794902 (R.I. Super. Ct. Nov. 6, 2009), *Forcier v. Cardello*, 173 B.R. 973 (D.R.I. 1994), *Davis v. New England Pest Control*, 576 A.2d 1240 (R.I. 1990), *Finch v. Rhode Island Grocers Ass'n*, 175 A.2d 177 (R.I. 1961), *Meyer v. City of Newport*, 844 A.2d 148 (R.I. 2004), *Bowen v. Mollis*, 945 A.2d 413 (R.I. 2008), *McKenna v. Williams*, 874 A.2d 217 (R.I. 2005), and *Sousa v. Town of Coventry*, 744 A.2d 812 (R.I. 2001) – are not distinguishable and were properly applied by the Magistrate Judge. Plaintiff's attempt to "distinguish" *Brough v. Foley* because that case did not involve allegations of fraud misses the crux of the standing argument - that regardless of the basis for the challenge, a plaintiff who is not a party to the contract or intended third party beneficiary of the contract that is being challenged has no standing to bring that claim. Likewise, *State v. Med. Malpractice Joint Underwriting Ass'n*, *Forcier v. Cardello*, *Davis v. New England Pest Control*, *Finch v. Rhode Island Grocers Ass'n* and *Sousa v. Town of Coventry* all stand for the long-standing proposition that only parties to the contract or intended third party beneficiaries of the contract may seek to have rights declared under the contract, and *Bowen v. Mollis*, *DePretrillo v. Belo Holdings, Inc*. and *McKenna v. Williams*, similarly support the premise that a trial court first determines whether a party has standing to sue before reaching the type of claim being alleged. Similar to Plaintiff's claim of error based in the Magistrate Judge's application of federal cases relating to standing, Plaintiff's objections to the Magistrate's interpretation of the Rhode Island cases is not supported by Plaintiff's attempts to "distinguish" the decisions, and Plaintiff has raised not a single Rhode Island case contrary to the Magistrate's conclusions. The federal and state cases were correctly read and applied by the Magistrate Judge, and Plaintiff's objections to the Report at paragraphs 2(a), (b), (c) and (e) should be denied.

34075825v1 0917370 68313

Paragraphs 2(d), (f), (i), (k), (l), (m), and (q) of Plaintiff's Objection all assert that the Magistrate Judge committed errors of law by "ignoring" or failing to consider facts relative to the alleged lack of standing by the Defendants to execute the assignments of mortgage at issue, or the Defendants' lack of authority to execute the assignment or make the assignments Plaintiff seeks to invalidate by their Complaint. Plaintiff's Objection fails to grasp that the Magistrate Judge never reached the allegations asserting the invalidity of the Assignments of Mortgage because he correctly concluded that the Plaintiff lacked standing to challenge these documents because she is not a party to or intended third party beneficiary of the assignment agreements. There was no error in the Magistrate Judge's alleged failure to consider the claims of invalidity of the Assignments of Mortgage once he determined that the Plaintiff was not a party to or third party beneficiary of these documents and could not challenge the Assignments of Mortgage.

Similarly, paragraphs 2(o) and (p) claim the Magistrate Judge erred by failing to consider Plaintiff's claims relating to the note, yet these claims were not raised or addressed by the Plaintiff in her Opposition to the Motion to Dismiss. Moreover, Plaintiff has failed to provide any citation in support of the premise that Rhode Island law requires a party seeking to foreclose pursuant to the power of sale to prove that it is a valid note-holder. *See* Plaintiff's Memo at p. 12.[1] R.I. Gen. Law Section 34-11-22 makes no reference to possession of the note, and therefore, even if the issue Plaintiff raises in relation to the note had been properly before the Magistrate in response to the Defendants' Motion to Dismiss, the claims relating to the note are without merit.

---

[1] Although Plaintiff discusses several recent decisions relating to the impact of a mortgage-holder's failure to establish that it is a holder in due course of the note, these cases are inapposite because they involve standing to file a Proof of Claim in the Bankruptcy Court (*In re. Veal*), and a Nevada statutory mediation requirement that a foreclosing party establish its standing to foreclose (*Leyva v. Wells Fargo, et al., Pasillas v. HSBC Bank et al.*).

34075825v1 0917370 68313

Paragraphs 2(g) -- claiming the Magistrate Judge "erroneously made factual determinations regarding disputed facts" -- and 2(j) -- alleging that the Magistrate Judge "erroneously granted the Motion to Dismiss..." -- should be denied because they make general, conclusory statements without any citation to the record or support in law. Likewise, paragraph 2(n) – alleging the Magistrate "erroneously applied contract law to the Plaintiff's mortgage, which is a conveyance of land…" -- was not raised by Plaintiff in her original Opposition to Defendants' Motion to Dismiss or in Plaintiff's lengthy Memorandum of Law in support of her Objection. Plaintiff has provided no basis for or citation in support of these conclusory allegations of legal error, and thus, her Objection on these bases should be denied.

Finally, at paragraph 2(h) of her Objection, Plaintiff claims that the Magistrate Judge "ignored" a prior case in the Rhode Island Superior Court where a Superior Court Judge denied an "identical" motion to dismiss. Neither the Magistrate Judge nor this Court is bound by a Rhode Island Superior Court Judge's order denying a "similar" motion to dismiss. *See Impulse Packaging v. Sicajan*, 869 A.2d 593, 600 at fn. 14 ("…lower court decisions are neither binding on [the Rhode Island Supreme Judicial Court], nor do they establish precedent"). Plaintiff presented argument based on the Superior Court's oral order in the *Bordas* matter, but this decision is not binding law on other judges in Rhode Island or on the United States District Court, and there was no error of law in the Magistrate Judge's Report based on his alleged disregard of the outcome of a Superior Court motion session.

---

Plaintiff has provided no citation to any Rhode Island statute or case in support of her position that the Magistrate erred by "ignoring" the issues she claims to have raised in relation to the note.

34075825v1 0917370 68313

## IV. EXHIBITS A-R WERE NOT INCLUDED IN THE RECORD BEFORE THE MAGISTRATE JUDGE AND SHOULD BE STRUCK

Rhode Island Local Rule of Federal Rule of Civil Procedure 72(d)(3) provides in pertinent part, "[u]less otherwise permitted or required by the Court, nothing further shall be filed in support of or in opposition to an objection to a magistrate judge's Report and Recommendation." Here, Plaintiff has filed eighteen exhibits, labeled A-R, including the transcript of an unrelated Superior Court motion hearing, in support of the Objection to the Magistrate Judge's Report and Memorandum of Law in support thereof. Local R. Civ. P. 72(d)(3) expressly prohibits either party from filing anything further in support of or in opposition to an objection to a magistrate judge's Report and Recommendation unless permitted by the Court. Accordingly, Exhibits A-R filed by Plaintiff in support of her Memorandum of Law and Objection to the Magistrate Judge's Report and Recommendation should be struck from the record and should not be reviewed by the United States District Court in its review of Plaintiff's Objection.

## V. CONCLUSION

The Defendants, Mortgage Electronic Registration Systems, Inc., CM REO Trust, and Saxon Mortgage Services, Inc. respectfully request that this Court deny Plaintiff's Objection to the Magistrate Judge's Report and adopt the Report and Recommendation in full.

34075825v1 0917370 68313

Respectfully submitted,

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., CM REO TRUST, AND SAXON MORTGAGE SERVICES, INC.

By Their Attorneys,

*/s/ Maura K. McKelvey*

Maura K. McKelvey, No. 6770
Samuel S. Bodurtha, No. 7075
HINSHAW & CULBERTSON LLP
155 South Main Street
Providence, RI 02903
401-751-0842
401-273-8543 (facsimile)

Dated: September 9, 2011

## CERTIFICATE OF SERVICE

I, Maura K. McKelvey, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 9, 2011.

*/s/ Maura K. McKelvey*
Maura K. McKelvey

34075825v1 0917370 68313